```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA          :
                                  :
                                  :
        v.                        :     Crim. No. 2:11-cr-161-1
                                  :
KENNETH L. MILLER,                :
                                  :
        Defendant.                :

**Memorandum and Order**

The Government has requested advance notice of the Court's intended jury instruction on venue in this case.

Defendant Kenneth L. Miller has been charged in a one-count indictment with aiding and abetting Lisa Miller[1] in the removal of a child from the United States with the intent to obstruct the lawful exercise of parental rights, in violation of sections 1204 and 2 of the United States Code.  The Government expects to prove that Lisa Miller and her former civil union partner Janet Jenkins were engaged in a lengthy court battle over visitation rights with IMJ, a child born to Lisa Miller in 2002 during the period of her union with Jenkins.  Litigation continued in Vermont and Virginia for several years, during which time Lisa Miller, who had been granted temporary legal and physical rights and responsibilities for IMJ, repeatedly ignored court-ordered visitation between IMJ and Jenkins.  The Virginia Court of Appeals and the Virginia Supreme Court confirmed the Vermont

---

[1] Kenneth Miller and Lisa Miller are not related.

courts' jurisdiction over the issues of custody and visitation. In June 2007 the Vermont family court granted sole physical and legal custody of IMJ to Lisa Miller, subject to Jenkins's visitation rights, but warned Miller that continued interference with visitation could warrant a change in custody.

Lisa Miller did not comply with the family court's visitation order, nor did she permit Jenkins to see IMJ. Instead she took IMJ out of the country, first traveling by automobile to Canada, and then flying from Canada to Nicaragua. Some months later, when it was apparent that Lisa Miller had removed IMJ from the United States, the family court assigned sole physical and legal custody of IMJ to Janet Jenkins.

The Government expects to show that Kenneth Miller, a Mennonite pastor and resident of Virginia, acted to assist Lisa Miller in removing IMJ from the United States. He did so by contacting other members of the Mennonite community in Canada and in Nicaragua and arranging for Lisa and IMJ's travel to Nicaragua.

This Court discussed venue in this case under 18 U.S.C. § 3238 in its April 25, 2012 ruling. Section 3238, captioned "Offenses not committed in any district," provides that "[t]he trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, . . .

is arrested or is first brought . . . ." 18 U.S.C. § 3238. The Second Circuit, in dictum, indicated that this provision "applies only to those offenses 'not committed in any district,' as its title indicates." *United States v. Gilboe*, 684 F.2d 235, 239 (2d Cir. 1982). *Gilboe* was decided before the United States Supreme Court's decision in *United States v. Rodriguez-Moreno*, 526 U.S. 275, 280 (1999), which held that venue in a continuing offense case is determined by examining the essential conduct elements of the crime.

More recently, the Third Circuit in *United States v. Pendleton*, 658 F.3d 299 (3d Cir. 2011), *cert. denied*, 2012 WL 2197195 (2012), considered whether § 3238 applies when a defendant commits part of his offense within the United States and part of his offense overseas. The *Pendleton* court applied *Rodriguez-Moreno* to identify the conduct constituting the offense and then to discern the location of the criminal acts. *Id.* at 303. It concluded that the "crux" of the defendant's offense was committed out of the jurisdiction of any district, and therefore § 3238 applied. *Id.* at 304-05; *see also United States v. Levy Auto Parts*, 787 F.2d 946, 952 (4th Cir. 1986) (holding that an aborted conspiracy was "essentially foreign," justifying venue under where one of the co-conspirators was arrested); *United States v. Bin Laden*, 146 F. Supp. 2d 373, 381 (S.D.N.Y. 2001) (holding that § 3238 supplied venue for a conspiracy offense that

3

began outside the United States, even though overt acts were committed within the United States, citing and quoting 2 Charles Alan Wright, Federal Practice and Procedure § 304 (3d ed. 2000)).

This Court believes that were the issue squarely presented to the Second Circuit today, the court of appeals would apply *Rodriguez-Moreno* and identify the essential conduct elements of the offense. If the essential conduct elements were begun or committed outside of any district then venue would be proper in the district where the defendant was arrested or first brought. *See Pendleton*, 658 F.3d at 303-05. As this Court previously stated in its April 25 ruling, the essential conduct element of this offense is removing a child from the United States.

Accordingly, having considered the parties' arguments, the Court intends to instruct the jury on venue as follows:

> If you find that the government has proved beyond a reasonable doubt all of the elements of the offense that I have described for you, you must also determine whether venue is appropriate in the District of Vermont. In this regard, the government must show by a preponderance of the evidence that the essential conduct of removing a child from the United States took place at least in part outside the United States. The government must also show by a preponderance of the evidence that Kenneth Miller was first arrested in the District of Vermont. The District of Vermont includes the entire territory of the state.

Dated at Burlington, in the District of Vermont, this 6th day of August, 2012.

/s/ William K. Sessions III  
William K. Sessions III  
United States District Court