```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA         :
                                 :
                                 :
       v.                        :    Crim. No. 2:11-cr-161-1
                                 :
KENNETH L. MILLER,               :
                                 :
       Defendant.                :

**Memorandum and Order:  Deposition of Timothy Miller**

The Government and the Defendant seek the exclusion of portions of the videotaped deposition of the Government's witness Timothy Miller, who is unavailable for trial.

Defendant Kenneth L. Miller has been charged in a one-count indictment with aiding and abetting Lisa Miller[1] in the removal of a child from the United States with the intent to obstruct the lawful exercise of parental rights, in violation of sections 1204 and 2 of the United States Code.  Lisa Miller failed to comply with numerous orders from a Vermont family court concerning visitation with her child's nonbiological parent Janet Jenkins, nor did she permit Jenkins to see the child.  Instead she took the child out of the country, first traveling by automobile to Canada, and then flying from Canada to Nicaragua.

The Government expects to show that Kenneth Miller, a Mennonite pastor and resident of Virginia, acted to assist Lisa Miller in removing the child from the United States.  He did so

---

[1] Kenneth Miller, Timothy Miller and Lisa Miller are not related.

by contacting other members of the Mennonite community in Canada and in Nicaragua, including Timothy Miller, and arranging for Lisa and the child's travel to Nicaragua.

The Government has objected and moved to strike two portions of the videotaped deposition of its witness Timothy Miller, consisting of several questions posed by defense counsel on cross-examination and their responses. The objections are overruled. The Government moves to strike the following:

> Q. Okay. So, in assisting her did you think you were doing anything wrong?
> A. No.
> Q. Okay. And did you talk about that with Ken Miller at all, if you recall?
> A. Yes. Yeah. I mean that was one thing that we did talk about that, that there's nothing -- there's nothing wrong in this. She's the legal guardian. Obviously, she wouldn't have been, but she was going -- she was traveling under her own name. Everything was legal and aboveboard in that respect.
> Q. And that was your understanding?
> A. Yes.
> Q. And that was Ken's understanding as well?
> A. As I recall, yes.

Timothy Miller Depo. Dec. 20, 2011, 74:8-25. The grounds for the objection are hearsay and lack of foundation. The hearsay objection is overruled. The defense did not ask the witness to provide the defendant's prior statements, but asked if a conversation occurred between them. The witness volunteered the subject matter of the conversation, but did not specify who said what. In any event, the answer is not offered as proof of the matter asserted, but evidence that the conversation occurred, and

2

of the context for the parties' actions. The witness's answers are not hearsay.

As to the final question and answer in this exchange, which ostensibly calls for and elicits speculation, the Court views this in context as a summary description of the conversation between the two men, rather than an attempt to speculate about what was in Kenneth Miller's mind.

The Government also moves to strike the following on relevance grounds:

> Q. Did you tell the Government at that time that you thought everything you had done was legal?
> A. As I recall, I would have.

Timothy Miller Depo. 75:23-76:2. The objection is overruled. On direct the Government asked the witness about the resolution of his criminal charges related to this case, and his understanding of his agreement with the Government leading to the dismissal of charges against him. *See id.* 70:19-71:9. On cross-examination, defense counsel explored the terms of the witness's agreement and asked about a proffer session that occurred prior to the dismissal of the charges. The testimony is relevant to the extent the Government intends to show that Kenneth Miller, Timothy Miller and others engaged in a conspiracy to smuggle Lisa Miller and her child out of the country, committing the crime of international parental conspiracy.

The Defendant seeks the exclusion of similar deposition

3

testimony about conversations with Tim Schrock, Jesse Brubaker and unidentified others on similar grounds. Similar grounds: similar ruling. The testimony is not hearsay; it is not offered as proof of the matter asserted, but evidence that the conversations occurred, and of the context for the parties' actions. The testimony is relevant to the extent the Government intends to show that Kenneth Miller, Timothy Miller and others engaged in a conspiracy to smuggle Lisa Miller and her child out of the country, committing the crime of international parental conspiracy.

For the above-stated reasons, the parties' requests to exclude portions of the videotaped deposition of Timothy Miller, ECF Nos. 48 & 52, are denied.


Dated at Burlington, in the District of Vermont, this 8th day of August, 2012.


                              <u>/s/ William K. Sessions III</u>
                              William K. Sessions III
                              United States District Court